UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| RHONDA WINTERS f/k/a RHONDA DIESEN, | ) | |
| | ) | Case No. 16-cv-647 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, RHONDA WINTERS f/k/a RHONDA DIESEN, by and through her attorneys, and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4.    Plaintiff is an individual who was at all relevant times residing in Germantown, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Illinois, and which has its principal place of business in Norfolk, Virginia.

**FACTS COMMON TO ALL COUNTS**

9. On September 23, 2013, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Illinois, case number 13-60389-lkg.

10. On January 8, 2014, an Order of Discharge was entered in Plaintiff's bankruptcy case.

11. On April 4, 2016, Defendant filed a Complaint against Plaintiff in the Circuit Court of Clinton County, Illinois, case number 16-SC-59, in an attempt to collect an alleged debt that Plaintiff believed had been discharged in her bankruptcy case.

12. On May 9, 2016, the undersigned counsel for Plaintiff sent a letter, via fax transmission, to the attorneys representing Defendant in the Clinton County lawsuit, Blitt & Gaines, P.C., notifying Defendant's representatives that Plaintiff believed the lawsuit Defendant

had filed against her was seeking to collect an alleged debt that had been discharged in Plaintiff's bankruptcy case.

13. On May 10, 2016, Defendant requested and was granted a default judgment against Plaintiff in the Clinton County lawsuit.

14. Having received said letter from the undersigned counsel for Plaintiff, on May 12, 2016, Defendant mailed a response to said letter addressed to the undersigned counsel. However, said response was mailed by Defendant to the undersigned counsel's former law firm where, at that time, he had not worked for over three months. In so doing, Defendant disclosed the existence of the alleged debt to at least one employee of that law firm, which is not representing Plaintiff in this matter (nor in any other matter).

15. At the time Defendant disclosed the existence of the alleged debt to third parties as outlined above, Defendant should have been aware of the proper mailing address for Plaintiff's undersigned counsel, as it was clearly indicated on his May 9, 2016 letter to Defendant's representatives.

16. In its attempts to collect the alleged debts as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, frustration, and emotional distress.

**COUNT I**

18. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

19.     Defendant violated 15 U.S.C. § 1692b(1) by identifying the name of the Defendant company while communicating with a person other than Plaintiff without having been expressly requested to do so.

## COUNT II

20.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

21.     Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.

## COUNT III

22.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

23.     Defendant violated 15 U.S.C. § 1692b(6) by communicating with a person other than Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

## COUNT IV

24.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 17 above as if reiterated herein.

25.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.  Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

RHONDA WINTERS f/k/a RHONDA DIESEN

By: /s/ David B. Levin
     Attorney for Plaintiff

David B. Levin
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street
Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com